Case No. 24-1595

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

COREY TUCKER,

PLAINTIFF-APPELLANT,

     v.

UNITED WHOLESALE
MORTGAGE, INC.

DEFENDANT-APPELLEE.

District Court Case No.:
23-cv-13134-BRM-APP

---

**Appeal From the United States District Court
For The Eastern District of Michigan
Hon. Brandy R. McMillion**

**BRIEF AND SHORT APPENDIX OF
PLAINTIFF-APPELLANT, COREY TUCKER**

**Oral Argument Requested**

CARLA D. AIKENS P.L.C.
Carla D. Aikens (6296269)
Attorneys for Plaintiff-Appellant
615 Griswold Street, Suite 709
Detroit, MI 48226
Tel: (844) 835-2993
Fax: (877) 454-1680
carla@aikenslawfirm.com

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 2:23-cv-13134-SFC     Case Name: Corey Tucker v. United Wholesale Mortgage, Inc.

Name of counsel: Carla D. Aikens

Pursuant to 6th Cir. R. 26.1, Corey Tucker
*Name of Party*

makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

No.

CERTIFICATE OF SERVICE

I certify that on _____ September 23, 2024 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Carla D. Aikens

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES                                              ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT            iii

QUESTION PRESENTED                                              iv

STATEMENT OFJURISDICTION                                    1

STATEMENT OF THE CASE                                          2

SUMMARY OF THE ARGUMENT                                 3

STANDARD OF REVIEW                                            4

ARGUMENT                                                              5

CONCLUSION                                                          12

CERTIFICATE OF COMPLIANCE                              13

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Alexander v. Gardner-Denver Co.,* 415 U.S. 36 (1974).............................................10

*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009) .............................................6

A*shcroft v. Iqbal*, 556 U.S. 662,  129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .........5

*Bank of America, NA v First American Title Ins Co*, 499 Mich 74 (2016) ..............6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).....................................................5

*Doctor's Associates, Inc. v. Casarotto*, 517 U. S. 681 (1996) .................................6

*EEOC v. Waffle House*, Inc., 534 U.S. 279 (2002)....................................................9

*Hardaway v. Aveanna Healthcare*, LLC, 2024 WL 2271826 (E.D. Mich. May 20, 2024). ............................................................................................................4, 7

*Javitch v. First Union Sec., Inc.,* 315 F.3d 619 (6th Cir. 2003) ...............................7

*McMillon v. City of Kalamazoo*, 983 N.W.2d 79 (Mich. 2023) ................................8

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U. S. 1 (1983)..5

*Rembert v. Ryan's Fam. Steak Houses, Inc.,* 596 N.W.2d 208 (Mich. App. 1999) 11

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010)......................................6

*Rowe v. ZF N. Am., Inc*., No. 3:20-CV-1296 (N.D. Ohio July 19, 2021) ..............10

*Willis v. Dean Witter Reynolds, Inc.,* 948 F.2d 305 (6th Cir. 1991).......................10

## Other Authorities

Restatement Contracts, 2d (1981), § 22....................................................................8

## Rules

Fed. R. Civ. P. 12(b)(6)..............................................................................................6

## <u>STATEMENT IN SUPPORT OF ORAL ARGUMENT</u>

Plaintiff-Appellant, Corey Tucker, hereby makes his request for oral argument on this matter to assist in establishing the factual framework and support for Mr. Tucker's employment claims. The issue of arbitrability of claims has recently been legislatively altered with the passing of the Ending Forced Arbitration for Sexual Assault and Sexual Harassment Act, and the Michigan Supreme Court is also taking up the matter, as noted herein. Further, this is the third appeal pending in this Court against this Defendant on the same issue. *Memmer v. UWM*, Case No. 24-1144; *Gavette v. UWM*, Case No. 24-1557. Thus, Plaintiff would request the opportunity to make a record regarding any issues or case law that may be issued after briefing has been completed.

## <u>QUESTION PRESENTED</u>

I.    Should the alleged arbitration provision be enforced in this matter?

a.  Plaintiff Says:                No.

b.  Defendant Says              Yes.

## STATEMENT OF JURISDICTION

Plaintiff filed this instant action against Defendant on December 8, 2023 (ECF No. 1, PageID. 1-20), for (1) retaliation in violation of 42 U.S.C. § 1981, (2) discrimination in violation of 42 U.S.C. § 1981, (3) harassment and discrimination in violation of Title VII (race), (4) discrimination in violation of the Elliot-Larsen Civil Rights Act ("ELCRA") (race), (5) retaliation in violation of Title VII, (6) retaliation in violation of the ELCRA (race), (7) hostile workplace environment in violation of Title VII (race), and (8) hostile workplace environment in violation of the ELCRA (race). *Id.*

On January 2, 2024, Tucker sent a request for waiver of service. (ECF No. 4, PageID.25.) UWM agreed to waive service. (*See id.*)

No discovery was conducted, as Defendant filed its Motion to Dismiss or in the Alternative, to Stay Pending Arbitration on January 10, 2024, asserting that a mandatory arbitration provision prevented Plaintiff from bringing his claims in court. (ECF No. 6). Plaintiff submitted a response to the motion, ECF No. 7, with Defendant filing a reply (ECF No. 9). The district court entered an Order on July 10, 2024 (ECF No.13), granting Defendant's motion, dismissing the case, and compelling the parties into arbitration.

Plaintiff submitted a notice of appeal on July 16, 2024 (ECF No. 15), with the Statement of Parties and Issues and Corporate Disclosure being filed as well

with this Honorable Court. This complies with the appeals under Fed. R. App. P. 3 and 4(a)(1)(A), as this judgement is a final order dispensing of all of Plaintiff's claims in a civil matter, allowing Plaintiff the ability to appeal as a matter of right. A briefing schedule was entered and sent to the parties on August 14, 2024 with this Brief following in accordance with the dates listed in that schedule.

## STATEMENT OF THE CASE

Per his Complaint, Plaintiff is an African American man who was employed by the Defendant beginning on or about December 20, 2021 with his last position at being Account Executive. (ECF No. 1 PageID. 2 at ¶¶6-7). Shortly after his employment began, Plaintiff began to notice differential treatment within the workplace. (*Id.* PageID. 3 at ¶9). Specifically, Plaintiff was assaulted both physically and verbally by his Caucasian coworkers while at the workplace. (*Id.* PageID. 3-4 at ¶¶10-25, 27). Plaintiff reported the conduct to his supervisors and/or Defendant had reason to know about the conduct to which Plaintiff was being subjected. (*Id.* at PageID. 5 at ¶¶30-32).

Plaintiff's white coworkers would hurly insensitive (or otherwise racist comments at the Plaintiff based upon his status as a Black man. These comments occurred both in person and during virtual interactions with Plaintiff's white coworkers. When Plaintiff started to bring up complaints about the treatment he received, he was discouraged or forbidden from reporting the conduct directly to

the Team Member Service department. (*Id.* at PageID. 5 at ¶26). Finally, after months of enduring this behavior, Plaintiff was terminated without warning by one of Defendant's managers for using the lavatory. (*Id.* at PageID. 6 at ¶34). Plaintiff is aware of other similarly situated employees who did the same action and were not terminated for their actions. (*Id.* at ¶37).

Defendant then brought its motion to force the Plaintiff into Arbitration based upon an alleged agreement. (ECF No. 6 PageID. 28-51). In support of its motion, Defendant attached a Declaration from Jeff Wohlgamuth working in an unexplained position of "AVP." (ECF 6-1 PageID. 52-74). With the declaration, a copy of the alleged agreement was attached. *Id*. However, Plaintiff does not recall ever signing, electronically or otherwise[1], the agreement Defendant holds out as a valid agreement. (ECF 7-1, Declaration of Corey Tucker). Further, there is no evidence nor can Plaintiff recall anyone explaining what was being signed or what fundamental rights he would be losing. (*See id.*).

## SUMMARY OF THE ARGUMENT

Plaintiff challenges that Defendant in this matter demonstrated that there was no question regarding the existence of a valid contract to arbitrate, given the information contained in the above factual paragraphs. Plaintiff does not recall

---

[1] Defendant maintains it was signed through a community portal but overs no documentation to evidence that fact nor does the declaration provide sufficient detail to show that Mr. Tucker actually "clicked the check box."

signing any such agreement and Defendant's argument rests on the affidavit of an interested party. The district court even stated in its Order (ECF No. 13) that "UWM's statements that Tucker did sign the contract are scant when compared to what courts have typically found sufficient when analyzing mutuality of agreement." (ECF No. 13 at PageID. 121-122).[2]

Defendant cannot show that Plaintiff validly waived his 7th Amendment right to a jury trial. For the reasons stated below, Plaintiff asserts no agreement to arbitrate was executed between the parties, and Plaintiff's claims should be allowed to proceed in open court.

## STANDARD OF REVIEW

Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff. *See Bassett v. Natl Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of

---

[2] The District Court cites to *Hardaway v. Aveanna Healthcare*, LLC, 2024 WL 2271826 at *2-3 (E.D. Mich. May 20, 2024).

> a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). Finally, determining whether a complaint states a plausible claim for relief requires a reviewing court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## **ARGUMENT**

The FAA reflects the fundamental principle that arbitration is a matter of contract. Section 2, the "primary substantive provision of the Act," *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U. S. 1, 24 (1983), provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U. S. C. §2.

Arbitration agreements under the FAA are therefore "on an equal footing with other contracts." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) (internal citation omitted). Similar to other contracts, "they may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U. S. 681, 687 (1996)). Importantly, "ordinary principles of state contract law determines whether there is a valid agreement to arbitrate." *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009).

As a primary matter, the Michigan Supreme Court is taking up the matter of whether it is a public policy violation to require arbitration of employment discrimination claims. *Saidizand v. GoJet Airlines*, Docket No. 163664 (Mich. May 31, 2024) (holding case in abeyance pending outcome of *Rayford v American House of Roseville I, LLC*, Docket No. 163989 (May 23, 2024), a case being argued by undersigned counsel, which involves similar issues).

The five basic elements of a contract under Michigan Law are "(1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 101 (2016) (quotation marks and citation omitted). The central issue before this Honorable Court is mutuality of

6

agreement, which requires a valid offer and acceptance. *See* Restatement Contracts, 2d (1981), § 22.

As the Sixth Circuit has stated:

> Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement.

*Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003). Plaintiff respectfully submits that upon a full review of the facts at hand, it is apparent that no binding and enforceable agreement was entered into sufficient for the Court to find that he knowingly gave up his constitutional right to a trial by jury.

The district court stated in its Order (ECF No. 13) that "UWM's statements that Tucker did sign the contract are scant when compared to what courts have typically found sufficient when analyzing mutuality of agreement." (ECF No. 13 at PageID. 121-122).[3] Defendant's motion did not address the manner in which such a document was presented to Plaintiff nor did the provided document have numbered pages. No information was provided on the manner or circumstance surrounding the presentation of this document to Plaintiff; whether it was emailed to him; whether a paper copy was presented; and/or whether he was told just to

---

[3] The district court cites to *Hardaway v. Aveanna Healthcare*, LLC, 2024 WL 2271826 at *2-3 (E.D. Mich. May 20, 2024).

7

check a box to sign this agreement. How a contract is presented to the Plaintiff severely affects the mutuality or understanding of the document.

As Plaintiff has attested, he does not recall signing an arbitration agreement and had no idea what it meant nor if its significance. (ECF No. 7-1). Nowhere in Defendant's motion does it assert that Plaintiff had adequate time to review the alleged agreement, that anyone explained it to him, or that it recommended that he find an attorney to review and explain the contract to him. Plaintiff was never told what he was signing nor did he understand the document or its implications. *Id*. With these statements, there would be no mutuality of agreement. "Without mutuality of agreement, there can be no contract." *McMillon v. City of Kalamazoo*, 983 N.W.2d 79, 81 (Mich. 2023). The answer to this question requires determination of a question of fact. *Id.* Accordingly, it is Plaintiff's assertion that the parties never entered into a valid contract.

The next issue is whether the arbitration clause is valid despite Plaintiff's position that the contract itself is not valid. As held in *Fazio v. Lehman Bros*., 340 F.3d 386 (6th Cir. 2003), a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be non-arbitrable; and fourth, if the court concludes that

some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

In this case, Plaintiff has sworn that he does not recall signing anything, especially an arbitration clause. Plaintiff further attests that he would not have signed an arbitration agreement without further explanation of what arbitration is, how it works, and how it applies to the employment agreement for legal representation. (ECF No. 7-1). Although the claims of this case arise out of the relationship at issue, Defendant cannot meet the factors needed to compel arbitration.

Therefore, a court must not "override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *EEOC v. Waffle House*, Inc., 534 U.S. 279, 294, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). The court in *Waffle House* also held "the FAA directs courts to place arbitration agreements on equal footing with other contracts, but it 'does not require parties to arbitrate when they have not agreed to do so.'" *Id.* In this case, Plaintiff did not and does not agree to submit to arbitration. The parties should not be required to arbitrate when they have not agreed to do so because before looking at what claims are arbitrable, an intent to arbitrate must first be determined.

9

Defendant also uses *Rowe v. ZF N. Am., Inc.*, No. 3:20-CV-1296, 2021 WL 3036787, at *3 (N.D. Ohio July 19, 2021), to support its argument; however, in *Rowe*, the plaintiff did not raise any specific contractual argument to dispute the formation of either arbitration agreement. *Id.* Also, the court in *Rowe* held that "the cardinal rule, that in the absence of fraud or willful deceit, one who signs a contract which he has had an opportunity to read and understand, is bound by its provisions." *Id.* As stated above, Plaintiff was not given the opportunity to read and understand the agreement because Defendant asked for the documents back right away.

Defendant argues that claims brought under Title VII are arbitrable. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36 (1974), the court outlined the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit. The prerequisites for a petitioner are that the petitioner (1) filed timely a charge of employment discrimination with the Commission, and (2) received and acted upon the Commission's statutory notice of the right to sue. 42 U. S. C. §§ 2000e-5 (b), (e), and (f). Further, it is important to note that Defendant uses *Willis v. Dean Witter Reynolds, Inc.,* 948 F.2d 305, 312 (6th Cir. 1991) to support its claims, and *Willis* relies heavily relies upon *Alexander, supra*.

In *Alexander*, the Supreme Court also held "[t]here is no suggestion in the statutory scheme that a prior arbitral decision either forecloses an individual's right

10

to sue or divests federal courts of jurisdiction." 415 U.S. at 47. It was not until this motion was filed that Defendant brought to Plaintiff's attention an arbitration clause, despite the fact that Defendant has been aware of the claims since at least Plaintiff filed a charge of discrimination with the EEOC months before bringing any claims in court. Defendant could have advised Plaintiff about the alleged agreement once it was contacted about the EEOC proceedings, but either willingly or otherwise chose to let Plaintiff incur filing costs before bringing up the alleged arbitration clause. Plaintiff's Title VII claims are not arbitrable, and jurisdiction should remain with the district court.

As it relates to Plaintiff's state law claims, Defendant argues that Plaintiff's PWDCRA and ELCRA claims are arbitrable. Defendant cites *Rembert v. Ryan's Fam. Steak Houses, Inc.,* 596 N.W.2d 208, 226 (Mich. App. 1999) as authoritative. In *Rembert,* the court determined that the "necessary conditions" to enforce an arbitration agreement are as follows:

> (1) a valid arbitration contract, (2) the absence of statutory prohibition against arbitrating particular statutory claims, and (3) the requirements of procedural fairness.

*Id.* In this case Plaintiff was not given meaningful choice in accepting the offer of employment because he was not told there was an arbitration clause, nor was he given time to review the clause nor afforded time to consult counsel on the waiver

of his constitutional rights – and Defendant has not bothered to try to argue the same.

In order to prove requirements of procedural fairness, a court looks to: (1) whether the plaintiff was given clear notice that he is waiving the right to adjudicate discrimination claims in a judicial forum and opting instead to arbitrate these claims; (2) right to counsel; (3) reasonable discovery; (4) a fair hearing; and (5) a fair arbitral hearing. *Rembert v. Ryan's Family Steak Houses, Inc.,* 596 N.W.2d 208, 226 (Mich. App. 1999). In this case, Plaintiff was never given adequate notice nor did he knowingly waive his right to litigate claims in court. In order to prove requirements of procedural fairness, all of the elements must be viewed as a whole, and if one element is not met, then Defendant did not meet its burden of proof as it relates to procedural fairness. Because Defendant cannot meet its burden of proof as is relates to procedural fairness, this Court should reverse the grant of Defendant's motion as it relates to Plaintiff's state law claims.

## <u>CONCLUSION</u>

For the reasons stated, Plaintiff requests that this Honorable Court enter an order reversing the district court's decision and further denying Defendant's motion to compel arbitration, thereby allowing Plaintiff's claims to move forward.

Dated: September 23, 2024        Respectfully Submitted,

        /s/  Carla D. Aikens     
        CARLA D. AIKENS, P.L.C.
        Carla D. Aikens (P69530)
        Attorneys for Plaintiff
        carla@aikenslawfirm.com
        tasha@aikenslawfirm.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,850 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

Dated: September 23, 2024        Respectfully Submitted,

        /s/  Carla D. Aikens     
        CARLA D. AIKENS, P.L.C.
        Carla D. Aikens (P69530)
        Attorneys for Plaintiff
        carla@aikenslawfirm.com
        tasha@aikenslawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on September 23, 2024, by:

/s/Katarzyna Nowicki

13

**Case No.** 24-1595

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

COREY TUCKER,

PLAINTIFF-APPELLANT,

      v.

UNITED WHOLESALE
MORTGAGE, INC.

DEFENDANT-APPELLEE.

District Court Case No.:
23-cv-13134-BRM-APP

---

**Appeal From the United States District Court**
**For The Eastern District of Michigan**
**Hon. Brandy R. McMillion**

**BRIEF AND SHORT APPENDIX OF**
**PLAINTIFF-APPELLANT, COREY TUCKER**

**Oral Argument Requested**

CARLA D. AIKENS P.L.C.
Carla D. Aikens (6296269)
Attorneys for Plaintiff-Appellant
615 Griswold Street, Suite 709
Detroit, MI 48226
Tel: (844) 835-2993
Fax: (877) 454-1680
carla@aikenslawfirm.com

## <u>PLAINTIFF-APPELLANT COREY TUCKER'S ADDENDUM TO PLAINTIFF'S BRIEF ON APPEAL OF DISTRCIT COURT DECISION TO DISMISS PLAINTIFF'S COMPLAINT</u>

As required by 6 Cir. R. 28(a)(1), a description of relevant district court documents referenced in a brief should be identified by (i) a brief description of the document, (ii) the docket entry number off the document, and (iii) the "Page ID #" range for the relevant pages. Appellant's addendum is as follows:

| ECF No. | Description | Page ID # |
|---------|-------------|-----------|
| 1 | Plaintiff's Complaint | 1-20 |
| 4 | Waiver of Service | 25 |
| 6 | Plaintiff's Response to Defendant's Motion to Compel Arbitration and Stay Proceedings | 28-51 |
| 6-1 | Declaration of Jeff Wohlgamuth | 52-74 |
| 7 | Plaintiff's Response to Defendant's Motion to Compel Arbitration and Stay Proceedings | 75-91 |
| 7-1 | Declaration of Corey Tucker | 92-94 |
| 9 | Reply to Plaintiff's Response to Defendant's Motion to Compel Arbitration and Stay Proceedings | 96-106 |
| 13 | Order Granting Defendant's Motion to Compel Arbitration and Stay Proceedings | 113-124 |
| 15 | Notice of Appeal | 126 |

Dated: September 23, 2024

Respectfully submitted,
/s/_*Carla D. Aikens*_____
CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
*Attorneys for Plaintiff*
615 Griswold Street, Suite 709
Detroit, Michigan 48226
Tel: (844) 835-2993

## **PROOF OF SERVICE**

On the date below, the undersigned certifies that a copy of the foregoing instrument was served upon all interested parties in the captioned matter via the Court's e-service system at the email addresses provided by said parties to the Court.

Dated: September 23, 2024

/s/ Carla D. Aikens