Case No. 24-1595

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

COREY TUCKER,

PLAINTIFF-APPELLANT,

    v.

UNITED WHOLESALE
MORTGAGE, INC.

DEFENDANT-APPELLEE.

District Court Case No.:
23-cv-13134-SFC-APP

---

**Appeal From the United States District Court
For The Eastern District of Michigan
Hon. Brandy R. McMillion**

**REPLY BRIEF OF
PLAINTIFF-APPELLANT, COREY TUCKER**

**Oral Argument Requested**

CARLA D. AIKENS P.L.C.
Carla D. Aikens (6296269)
Attorneys for Plaintiff-Appellant
615 Griswold Street, Suite 709
Detroit, MI 48226
Tel: (844) 835-2993
Fax: (877) 454-1680
carla@aikenslawfirm.com

In reply to Appellee's brief in opposition [Doc. 17], Plaintiff-Appellant, Corey Tucker, by and through his attorneys, Carla D. Aikens, P.L.C., and for his reply brief, reincorporates and restates the facts, law, and arguments contained in his original brief on appeal. By way of further response, Plaintiff states as follows:

Defendant first addresses the statutory framework presented under the Federal Arbitration Act 9 U.S.C. § 1, et seq. ("FAA"), by explaining the general considerations. In Section (B) of the Defendant's Brief [Doc. 17], it agrees that state contract law governs in determining whether the arbitration clause itself was validly obtained.[1] [Doc. 17 at page 23].

After presenting the overview of the FAA analysis, Defendant first argues that pending Michigan Supreme Court ("MSC") applications, along with the potential impacts of those rulings, do not have any weight on the District Court's decision. *Id*. at 24. The pending cases before the MSC handle issues that most assuredly affect the district court's analysis because each one alters the understanding of Michigan case law. Defendant neglects to inform this Court that while *Saidizand v GoJet Airlines, LLC*, MSC Docket No. 163664 (June 23, 2023), is being held in abeyance pending the *Radford* decision, the two cases do not simply handle a contractually shortened limitations period. An order filed in that matter on June 23, 2023 stated "[t]he parties shall file supplemental briefs in

---

[1] Analysis of the issues itself occurs in the subsequent sections of Defendant's Appeal Brief.

1

accordance with MCR 7.312(E), addressing whether discrimination claims under the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq, may be subjected to mandatory arbitration as a condition of employment under Michigan law. *Cf Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118 (1999), with *Heurtebise v Reliable Business Computers*, 452 Mich 405 (1996)." This order shows that the MSC recognized *Saidizand* as addressing a different portion of the arbitration issue: whether such claims can be forced into arbitration at all.[2]

Defendant then claims the argument is altered from what was presented to the district court as well as public policy favors arbitration due to lowered costs. [Doc 17 at 26]. Cases supporting the false narrative of inexpensive arbitration occurred before multiple economic downturns, a housing crisis, and a global pandemic. No data, report, or other such study was provided by Defendant to support its contention that claims of expense saving in cases from 2004 and 2001 remain accurate over two decades later.[3] With the costs of everything in the U.S. far outpacing increases in average salary, it is disingenuous to rely on statements of expense from a time when the cost of living was much lower than the present day.

---

[2] It is likely the MSC's decision to hold *Saidizand* in abeyance is to ensure consistent rulings with its opinion in *Radford*.

[3] Data on U.S. employment arbitrations is difficult to find, but Plaintiff directs this Honorable Court to an article covering international arbitrations showing that the median duration is a year or more, making it no different than proceeding through litigation. *The Duration of Arbitration*, https://www.acerislaw.com/the-duration-of-arbitration (Aug. 31, 2022) (last accessed December 2, 2024).

Beyond the costs themselves, the greatest expense of forced arbitration is unquestionably the unwitting loss of an individual's constitutional rights. Such a thing loss has no price; hence why the MSC has so many pending and stayed matters related to modern-day public policy considerations and not ones from an incomparable era.

The fact that Defendant mentions its many cases where it has sought to force arbitration, where multiple plaintiffs stated that they did not understood what they signed is in no way a positive that it should be admitting in a filing. Perhaps Defendant is of the belief that everyone is not telling the truth, but all of the individuals affirmatively did not understand what an arbitration agreement was and Defendant has not bothered to address that. A party cannot assent to what it does not understand, and per *McMillon v. City of Kalamazoo*, 983 NW 2d 79 (Mich. 2023), courts interpreting Michigan law must not dismiss cases where there is a question of fact regarding the plaintiff's understanding of the purported agreement. An arbitration agreement is a regular contract claim, and its enforceability must be proven, not presumed.

Sections D and E of Defendant's brief deal with the validity of the agreement itself and is addressed at full length in Plaintiff's original brief.

In Section F, Defendant argues Plaintiff presented a new argument in one paragraph, on procedural fairness that it contends is unpreserved and meritless. It is

not clear why this argument was made, as page 5, 10, and 11 of Plaintiff's Response to Defendant's Motion to Dismiss addresses the holding in *Rembert v. Ryan's Family Steak Houses, Inc*., 235 Mich. App. 118 (1999). At page 5 in particular, Plaintiff addressed the matter of procedural fairness:

> However, the *Rembert* court outlined requirements that pre-dispute arbitration agreements must adhere to in order to be enforceable under Michigan law. The *Rembert* court summarized the requirements as follows: (1) pre-dispute agreements to arbitrate statutory employment discrimination claims are valid **as long as the employee does not waive any rights or remedies under the statute and the arbitral process is fair**; (2) to ensure that employees have a fair opportunity to vindicate effectively statutory rights, the arbitration procedures must include: (a) clear notice, (b) right to counsel, (c) reasonable discovery, (d) a fair hearing, and (e) a neutral arbitrator; (3) if arbitral awards are challenged, the standard of judicial review will be the standard articulated in DAIIE v. Gavin, 416 Mich. 407, 433-34; 331 N.W.2d 418 (1982); and (4) to allow for sufficient review, arbitral awards must be in writing and contain findings of fact and conclusions of law. *Rembert*, 235 Mich. App. at 166. **Here, the subject pre-dispute arbitration agreement is not enforceable under *Rembert* because it required Plaintiff to waive her constitutional right to a jury trial and to waive her rights and remedies under the ELCRA**. Therefore, it should not be enforced against Plaintiff.

(ECF No. 7, Page.ID 84) (emphasis added). Plaintiff further analyzes the holding in *Rembert* on pages 10 and 11 of the response. Accordingly, this argument was not waived even if it was more developed on appeal.

4

Of course, the Court of Appeals has stated repeatedly that it may address arguments, even if they were not raised, under various circumstances, including where the matter is a question of law that has been fully developed in the lower court and where a miscarriage of justice or denial of substantial justice may occur. *Johnson v. Ford Motor Co.*, 13 F. 4th 493, 504 (6th Cir. 2021) (citing *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993); *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988); *Friendly Farms v. Reliance Insur. Co.*, 79 F.3d 541, 545 (6th Cir. 1996)). While it is not surprising that forfeiting a constitutional right is a trifling matter to Defendant, support for its disregard should not be provided by this Court.

## CONCLUSION

For the reasons stated, Plaintiff requests that this Honorable Court enter an order reversing the District Court's decision and further denying Defendant's motion to dismiss, thereby allowing Plaintiff's claims to move forward in a court of law.

Dated: January 13, 2025         Respectfully Submitted,

/s/  Carla D. Aikens
CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
Attorneys for Plaintiff
carla@aikenslawfirm.com
austen@aikenslawfirm.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1,210 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

Dated: January 13, 2025                Respectfully Submitted,

/s/  Carla D. Aikens
CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
Attorneys for Plaintiff
carla@aikenslawfirm.com
austen@aikenslawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on January 13, 2025, by:

/s/Katarzyna Nowicki